**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Karen L. Moore,       :  Case No. 3:07 CV 0858

   Plaintiff,       :

vs.            :

Commissioner of Social Security,  :  **MEMORANDUM DECISION AND
               ORDER**

   Defendant.      :

   The parties have consented to the jurisdiction of the undersigned Magistrate for entry of final judgment in this case pursuant to 28 U.S.C. § 636 (c) (1).  Pending are Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act (EAJA) 28 U.S.C. § 2412 (Docket No. 23) and Defendant's Response (Docket No. 24).  For the reasons set forth below, Plaintiff's Motion for Attorney Fees is granted.

<u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

   Plaintiff filed an application for Title II disability insurance benefits on October 29, 2002 alleging that she had been disabled since June 18, 2002 (Tr. 52-54).  Such application was denied initially and upon reconsideration (Tr. 47-51, 41-43).  Plaintiff requested a hearing before an Administrative Law Judge (ALJ) (Tr. 38).  On February 24, 2005, an administrative hearing was held before ALJ Yvonne

Stam.  Plaintiff, represented by counsel, John Polofka, Vocational Expert (VE) Dr. Joseph Havranek and

Witness Carol Cisler appeared and testified (Tr. 561).  The ALJ issued an unfavorable decision on

August 1, 2005 (Tr. 13, 16-25).  On February 2, 2007, the Appeals Council affirmed the ALJ's decision

thereby rendering the ALJ's decision the final one of the Commissioner (Tr. 5-8).  Plaintiff filed a timely

request for judicial review.

During the pendency of judicial review, the parties filed a joint stipulation of remand pursuant

to sentence four of 42 U. S. C § 405(g) (Docket No. 21).  The Court adopted the joint stipulation of

remand as an order of the Court (Docket No. 22).  Plaintiff filed a Motion for Attorney Fees (Docket No.

23) and Defendant filed a Response (Docket No. 24).

## EAJA STANDARD FOR AWARDING FEES

EAJA provides for an award of reasonable attorney fees and other expenses of a prevailing party

in litigation against the United States, "unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A)

(Thomson/West 2008).  Allowable fees and expenses include, *inter alia*, reasonable expenses of expert

witnesses, reasonable costs of any study, analysis or project deemed necessary for the preparation of the

party's case, and reasonable attorney fees.  28 U.S.C. § 2412 (d) (2)(A) (Thomson/West 2008).  Attorney

fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the

cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings

involved, justifies a higher fee.  28 U.S.C. § 2412 (d)(2)(A) (Thomson/West 2008).

A prevailing party under the EAJA is one who "succeed[s] on any significant issue in litigation

which achieves some of the benefit the part[y] sought in bringing suit."  *Kelly v. Secretary, United States*

*Department of Housing and Urban Development on Behalf of Staples,* 97 F.3d 118, 123 (6th Cir. 1996).

2

(*citing Kreimes v. Department of Treasury,* 764 F.2d 1186, 1188 (6ᵗʰ Cir. 1985) (citations omitted)).  To gain *prevailing*-party status, a party must secure an enforceable judgment on the merits or court-ordered consent decree that " 'create[s] the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees.' "  *Veltkamp v. Commissioner of Social Security*, 531 F. Supp.2d 810, 812 (W. D. Mich. 2007) (*citing  Marshall v. Commissioner of Social Security,* 444 F.3d 837, 840 (6ᵗʰ Cir.2006) (Griffin, J.) (*quoting Buckhannon Board & Care Home Incorporated v. West Virginia Department of Health & Human Resources,* 121 S.Ct. 1835 (2001) (*quoting Texas State Teachers Association v. Garland Independent School District,* 109 S.Ct. 1486, 1493 (1989))).  An individual does not become a "prevailing party" simply because he or she obtained a remand for further proceedings before the agency from which he or she appealed.  *Kelly*, *supra*, (*citing Sullivan v. Hudson,* 109 S. Ct. 2248, 2255-2256 (1989)).

The Supreme Court held that "substantially justified" means " 'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person."  *Delta Engineering v. United States*, 41 F.3d at 261 (*citing Pierce v. Underwood*, 108 S. Ct. 2541, 2550 (1988)).  To be substantially justified, the government's position must have a "reasonable basis both in law and fact," and be more reasonable than "merely undeserving of sanctions for frivolousness."  *Richards v. Secretary of Health and Human Services,* 884 F. Supp. 256, 258 (N. D. Ohio 1995) (*citing Pierce*, 108 S.Ct. at 2550).  Whether the government is substantially justified is determined on the basis of the record which is made in the civil action for which fees and expenses are sought.  28 U. S. C. § 2412(d)(1)(B) (Thomson/West 2008).

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.  *Hensley v. Eckerhart,* 103 S. Ct. 1933, 1941 (1983).

3

Billing judgment should be exercised with respect to the hours worked and the applicant should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims. *Id.*

## DISCUSSION

Plaintiff claims that she is entitled to an award of attorney fees totaling $2, 863.75 and costs of $350.  Defendant does not object to this request.

There are four requirements that the court must consider before making an award of attorney fees. First, whether the fee applicant is a prevailing party.  Second, was the government's position substantially justified.  Third, whether no special circumstances exist that make an award unjust.  Fourth, whether the fee applicant filed the requisite application within thirty days of final judgment. *Townsend v. Social Security Administration*, 486 F.3d 127, 129 -130 (6th Cir. 2007) (*citing Commissioner, INS v. Jean*, 110 S. Ct. 2316, 2318-2319 (1990)).

In this case, Plaintiff has met all of the criteria of this four-part test.  First, Plaintiff obtained this Court's judgment reversing the Commissioner's decision and ordering the Commissioner to re-evaluate her residual functional capacity, obtain updated VE testimony following the applicable policy interpretations, conduct a supplemental hearing, if necessary, and issue a *de novo* decision.  In effect, Plaintiff obtained a reversal of the Commissioner's decision.  Plaintiff has obtained prevailing party status.

Second, when viewed as whole, the government's position has no basis in law or fact.  Under the treating physician rule, the ALJ must attribute controlling weight to the opinions of treating physicians. *Wilson v. Commissioner of Social Security,* 378 F. 3d 541, 544 (6th Cir. 2004).  In this case, the ALJ failed to attribute controlling weight to the opinion of Dr. Mark Nadaud or explain why controlling

4

weight was not attributed to his opinions.

A VE's response to the hypothetical question may constitute substantial evidence if the hypothetical question accurately reflects the claimant's physical and mental impairments. *Howard v. Commissioner of Social Security,* 276 F. 3d 235, 238 (6th Cir. 2002) (citations omitted). The VE's testimony in this case could not have been considered substantial evidence as the hypothetical questions failed to precisely state Plaintiff's impairments.

Defendant has failed to present an explanation for failing to follow its own administrative rulings and joined Plaintiff in her request for remand. The Magistrate cannot find substantial justification for Defendant's failure to comply with its own regulations. Accordingly, the criterion for the second prong of the test has been satisfied.

Third, Defendant has failed to present evidence of special circumstances that make an award of attorney fees unjust. Likewise, the Magistrate has not identified any special circumstances evident from the record that make an award of attorney fees unjust.

Finally, Plaintiff's Motion for Fees is timely filed. Under sentence four of § 405(g), a district court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g) (Thomson/West 2008). Under this sentence, the final judgment is entered at the time of remand, so the filing period for EAJA fees begins after the final judgment affirming, modifying or reversing the decision is entered by the court and the appeal period has run. *Kling v. Secretary of Dept. of Health & Human Services of United States*, 790 F. Supp. 145, 149 (N. D. Ohio 1992) (*citing Melkonyan v. Sullivan,* 111 S.Ct. 2157, 2165 (1991); *cf. Sullivan v. Finkelstein,* 110 S.Ct. 2658 (1990)). A party seeking an award of fees under EAJA must submit his or her application for fees within thirty days of the final judgment. 28 U. S. C.

§ 2412(d)(1)(B) (Thomson/West 2008). Plaintiff filed her Motion for Attorney Fees within the thirty days after the final judgment was entered.

Having determined that Plaintiff is entitled to an award of attorney fees, the next issue is whether the fees requested are reasonable. EAJA authorizes an award of reasonable fees based upon prevailing market rates for the kind and quality of the services furnished, except that attorney fees shall not be awarded in excess of $125 per hour unless the court determines than an increase in the cost of living or a special factor justifies a higher fee. 28 U. S. C. § 2412(d)(2)(A) (Thomson/West 2008). Once the number of hours reasonably expended has been tabulated, a reasonable attorney's fee for a successful social security claim is determined by multiplying that reasonable hourly rate by the number of hours reasonably expended on the litigation. *Hensley, supra*, 103 S.Ct. at 1939.

Upon review of the time entries, two counsel expended a total of 19.75 hours and incurred expenses of $350 to successfully pursue this appeal. Time sheets indicate that both counsel reviewed the transcript, prepared the brief on the merits and supporting documentation requesting a remand. In other cases filed in this Court for which an award of attorney fees was ordered, counsel expended an average of 25.37 hours to prepare a case for judicial review. *See Hunt v. Chater,* Case No. 96 CV 7430, *Carr v. Secretary of Health and Human Services*, Case No. 97 CV 7515, *McMillian v. Commissioner,* Case No. 96 CV 7500, *Shepherd. v. Apfel*, Case No. 97 CV 7352 and *Weaver F. Massanari*, Case No. 99 CV 7768. The number of hours expended on delivering quality legal services is reasonable in this case.

Plaintiff requests an hourly rate in excess of the $125 provided under the EAJA statute. Although the cost of living has risen since the enactment of EAJA and the subsequent increase in fees, the decision whether the increase requested justifies a fee in excess of the $125 statutory rate is left to the district

court's discretion. *Begley v. Secretary of Health and Human Services*, 966 F. 2d 196, 198-199 (6th Cir. 1992).

The Magistrate takes judicial notice that since the enactment of an increased statutory limit on attorney fees to $125 per hour, the consumer price index has risen from 149.00 to 199.686, a 34% increase.  www.bls.gov.  This increase justifies a higher fee in this case.  Plaintiff's request for a 16% increase is reasonable.  The Magistrate will allow counsel's fees at $145 per hour.

Finally, Plaintiff requests an award for filing fees.  Pursuant to 28 U. S. C.§ 2412 (d) (2)(A), this Court may award reasonable expenses deemed necessary for the preparation of the party's case.  In this case payment of the $350 filing fee is deemed a necessary expense of litigation.

For these reasons, Plaintiff's Motion for Attorney Fees is granted and she is awarded $2,863.75 in attorney fees and $350 in costs.

**IT IS SO ORDERED.**

/s/ Vernelis K. Armstrong
United States Magistrate Judge


Date:   April 22, 2008

7